UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FRANCISCO M. VAZQUEZ,

    Plaintiff,

    v.                                CAUSE NO. 1:21-CV-403-HAB-SLC

ALLEN COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed an amended complaint. ECF 4. He has also filed a petition for a protection order. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Vazquez alleges that from August 6, 2021, through November 1, 2021, the Allen County Jail and the Allen County Jail Board of Health have taken no action against Covid-19. ECF 4 at 2. He states he has requested a Covid-19 vaccination, face masks, sanitizer, soap, and other forms of protection, but the Allen County Jail has not complied with his requests. *Id*. Vazquez states that inmates are only

given soap once a week and one face mask when they go to court, and there are no other protective measures available at the jail. *Id*. He asserts that the inmates breathe contaminated air, and they are not able to socially distance, especially when they are eating. *Id*. Vazquez explains that while inmates are quarantined if they have Covid-19, the officers and staff are not required to quarantine when they are ill. *Id*. He has been told he is on a waiting list for the Covid-19 vaccine and protection items, but there has been no resolution. *Id*. at 2-3. He has been ill multiple times and has not known what caused his illnesses. *Id*. at 3.

Given his allegations, Vazquez believes that the Allen County Jail has been deliberately indifferent to his safety during the Covid-19 pandemic. Deliberate indifference imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). Neither negligence nor gross negligence is enough. *Id.* "[T]he mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002).

While Vazquez's allegations are concerning, he cannot sue the defendants he has named in his amended complaint. With respect to the Allen County Jail, he may not proceed against the jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent he has sued the Allen County Jail Board of Health, other than naming that entity in the caption of his case, he never mentions it in the body of his amended complaint. Furthermore, it is unclear if

2

such an entity exists. Therefore, he cannot proceed against either the Allen County Jail or the Allen County Jail Board of Health.

Vazquez also appears to be seeking preliminary injunctive relief in the form of a petition for a protection order against Officers Morgan, Davis, Miller, Smith, and Baihl for allegedly threatening and harassing him. ECF 6. However, because Vazquez's amended complaint does not state a claim, he is not entitled to the requested relief. Furthermore, because the five individuals Vazquez seeks to enjoin are not named as defendants, an injunction cannot be granted against them. *Maddox v. Wexford Health Sources, Inc.*, 528 Fed. Appx. 669, 672 (7th Cir. 2013). Therefore, his petition will be denied.

While Vazquez's amended complaint does not state a claim, the court will give him an opportunity to replead, if after reviewing this order, he believes he can state a claim. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). When Vazquez prepares his second amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES the petition for protection order (ECF 6);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Francisco M. Vazquez;

(3) GRANTS Francisco M. Vazquez until **March 4, 2022**, to file an amended complaint on that form; and

(4) CAUTIONS Francisco M. Vazquez that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on January 31, 2022.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT